**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMALIER RIVERA, | ) | Case No. 23 C 01743 |
| *Plaintiff,* | ) ) ) | Hon. Judge Edmond E. Chang |
| *v.* | ) ) | District Judge |
| REYNALDO GUEVARA, *et al.,* | ) ) ) | Hon. Judge Heather McShain Magistrate Judge |
| *Defendants*. | ) ) ) | **JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT**

The parties, by their respective undersigned counsel, and pursuant to the Court's May 28, 2024, Order (Dkt. 115), respectfully submit the following joint status report:

**I.     Discovery**

The current non-*Monell* fact discovery deadline is August 30, 2024. Dkt. 116.

    **A.  Oral Discovery**

The depositions of four witnesses and two Defendants have been conducted. The deposition of Defendant Guevara will take place on Wednesday, June 26, 2024.

On April 26, 2024, Counsel for Defendants postponed all third-party depositions other than for third-party officers, citing their need for further discovery.

Defendants have not proposed new dates for the depositions they have noticed to proceed. The depositions have not been rescheduled.

Defendants' Position: As discussed below, there are a number of outstanding discovery issues that are yet to be resolved. For example, Plaintiff's overdue responses to various subpoenas have delayed the scheduling of depositions of various witnesses. Additionally, Defendants only recently received responses to their subpoenas for documents from Madelyn Burgos, Elisabeth Burgos, and Orlando Burgos on June 21, 2024, despite the subpoenas being issued on May 1, 2024.

1

The subpoena for documents issued to Felix Burgos, Jr. is still outstanding. Additionally, on March 7, 2024, Plaintiff asserted that witness Felix Burgos Jr. is incompetent to sit for a deposition and indicated he would provide supportive documentation of incompetency. Despite multiple requests for such documentation, Plaintiff has yet to provide any.

Moreover, Defendants are continuing in their efforts to locate and serve multiple witnesses related to this matter. Defendants believe it is impractical to schedule and hold dates for depositions when no party has been able to locate and/or serve particular witnesses.

Defendants also remain engaged in 37.2 correspondence with the Cook County State's Attorney's Office, and may require Court intervention to obtain a fulsome response, which is essential to the claims at issue in this case.. As recently stated by Judge Maldonado, it is "efficient and fair to all for depositions to go forward after significant progress has been made on written discovery". *Gecht v. Guevara et al.*, Case No. 23-CV-1742 (N.D. Ill.)(Dkt. 125). Defendants intend to propose dates for the remaining depositions as soon as feasible.

Plaintiff's Position: Plaintiff emphasizes that depositions should proceed without further delay. Discovery in this matter began in August 2023, almost a year ago. Defendants did not even issue document subpoenas for witnesses Madelyn, Elisabeth, Orlando, and Felix Burgos until May 1, 2024, nearly one year after the litigation began, and after Plaintiff had already taken multiple depositions even with outstanding issues relative to Defendants' discovery production. The Federal Rules do not permit Defendants to insist on the sequencing of depositions as they see fit, Fed. R. Civ. P. 26(d)(3), or to prevent depositions from proceeding until Defendants decide they are ready to proceed. There may be delays for certain witnesses, but Defendants need to identify those with specificity rather than applying a wholesale delay.

If by June 28 Defendants have not provided proposed dates to complete the depositions before the August 30 non-Monell fact discovery deadline, Plaintiff intends to file a motion to compel Defendants to proceed with depositions. Such a motion was recently granted, in *Benitez v. City of Chicago, et al.*, 1:23 Civ. 16896 (N.D. Ill.) at Dkts. 71, 73 (motion to compel Defendants to proceed with deposition, and order granting the motion) (J. Rowland). Defendants note the *Benitez* decision was made without an opportunity for the defendants to respond either in writing or verbally.

### B. Written Discovery

Counsel for the City and Plaintiff held a meet and confer on June 10, 2024 regarding deficiencies in the City's discovery responses. The follow-up to that conference is ongoing.

On May 1, 2024, counsel for Defendant Guevara issued the following: a Second Set of Requests to Produce to Plaintiff; a Second Set of Interrogatories to Plaintiff; and four subpoenas

for documents to third-parties Madelyn Burgos, Elisabeth Burgos, Orlando Burgos, and Felix Burgos, Jr. Plaintiff issued his responses to the Requests to Produce and Interrogatories on June 7, 2024. Plaintiff responded to the third-party subpoenas for Madelyn Burgos, Elisabeth Burgos, and Orlando Burgos on June 21, 2024. Plaintiff asked to have until June 28, 2024 to respond to the subpoena to Felix Burgos, Jr., to which Defendants did not object.

II. **Settlement**

Plaintiff sent a settlement demand to Defendants on March 18, 2024. In an effort to facilitate serious attempts at an early settlement, Plaintiff sent a demand far below the usual starting point for negotiations in wrongful conviction cases such as this one. On May 13, 2024, the City responded to Plaintiff's demand, indicating that the City had evaluated the demand, "Given the current stage of the litigation and discovery it [was] the City's position that it [was] too early to engage in settlement negotiations and a settlement conference would not be fruitful at this time."

The City's position that it was too early was because the City did not, and still does not, have enough discovery to make an informed evaluation of the case.

If and when the City decides it is willing to participate in meaningful efforts to resolve this matter, Plaintiff remains willing to engage in such efforts and will send an updated demand that reflects the additional passage of time, and the expenditure of time and money.

Dated: June 24, 2024

Respectfully Submitted,

/s/ Meg Gould
*Counsel for Plaintiff*

Jon Loevy
Steve Art
Anand Swaminathan
Locke Bowman
Sean Starr
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com

/s/ Theresa B. Carney
*Counsel for the City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren Ferrise
Jessica Zehner
Andrew J. Grill
Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 494-1000
erosen@rfclaw.com

*/s/* Molly Boekeloo
*Attorney for Defendant Guevara*

/s/ Daniel McGinnis
*Attorney for Defendants Halvorsen, Ricco &*

3

| | |
|---|---|
| Timothy P. Scahill (Lead Attorney) | *Biebel* |
| Steven B. Borkan | James G. Sotos |
| Emily E. Schnidt | Josh M. Engquist |
| Misha Itchhaporia | Lisa Meador |
| Molly Boekeloo | Mark Smolens |
| Whitney N. Hutchinson | Elizabeth Fleming |
| Graham P. Miller | Daniel McGinnis |
| Special Assistant Corporation Counsel | Thomas Sotos |
| Borkan & Scahill | Special Assistant Corporation Counsel |
| 20 S Clark St # 1700 | The Sotos Law Firm, P.C. |
| Chicago, IL 60603 | 141 W. Jackson Blvd. #1240A |
| (312) 580-1030 | Chicago, IL 60604 |
| | (630)735-3303 |
| | dmcginnis@jsotoslaw.com |