IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| GAMALIER RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 23 CV 01743 |
| ) | |
| REYNALDO GUEVARA, GERI LYNN ) | |
| YANOW, as special representative of ) | Honorable Judge Heather K. McShain |
| ERNEST HALVORSEN, ) | |
| Deceased, ANTHONY RICCIO, ROBERT ) | |
| BIEBEL, and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' PARTIALLY UNOPPOSED MOTION TO SERVE NON-PARTY WITNESSES REINALDO DEJESUS AND NICHOLAS GONZALEZ BY CERTIFIED MAIL

Defendants, by and through their respective attorneys, pursuant to Fed. R. Civ. P. 45(b)(1), respectfully move this Court for entry of an order allowing Defendants to serve non-party witnesses (and brothers) Reinaldo DeJesus and Nicholas Gonzalez, via certified mail for their deposition at the offices of Borkan & Scahill, Ltd., 20 S. Clark Street, Suite 1700, Chicago, Illinois. In support thereof, Defendants state:

1. On March 21, 2023, Plaintiff filed an 11-count Complaint under 42 U.S.C. 1983 and Illinois law against the Defendants arising from Plaintiff's arrest and conviction for the 1996 shooting of Antonio Diaz and murder of Jesus Ramos. Dkt. 1.

2. Plaintiff disclosed two brothers, along with the address 1654 N. Karlov #2ND, Chicago IL, Reinaldo DeJesus and Nicholas Gonzalez as witnesses, pursuant to Fed. R. Civ. P. 26(a)(1), who "may have information about the police investigation that caused Plaintiff's wrongful conviction, witness interviews, lineups, and false documents implicating Plaintiff in the crime,

<tr>
<tr>
<tr>
<tr>
<tr>

Plaintiff's criminal proceedings and the Defendants' misconduct as alleged in the complaint." Ex. A, Plaintiff's Rule 26(a) Witness Disclosures.

3.  Defendants have also listed DeJesus and Gonzalez as witnesses on their Fed. R. Civ. P. 26(a)(1) Disclosures because, according to police reports, DeJesus (the leader of the Insane Unknown street gang, of which Plaintiff was a member) and his brother Gonzalez, were potentially involved in the shooting of Diaz and the murder of Ramos. Ex. B, Defendants' Rule 26(a) Witness Disclosures. In fact, Plaintiff argued during his post-conviction proceedings that either DeJesus or his brother Gonzalez was the real perpetrator of the shooting of Diaz and murder of Ramos. Additionally, during his deposition, Plaintiff acknowledged the possibility that DeJesus or Gonzalez were involved in this crime.

4.  On August 7, 2023, Plaintiff issued subpoenas for testimony to DeJesus and Gonzalez. Both these subpoenas were left with the deponents' mother on August 16, 2023 at 1654 N. Karlov #2ND, Chicago IL "c/o Mother Mildred Romero." Ex. C, Subpoena to DeJesus and Ex. D, Subpoena to Gonzalez. The depositions were subpoenaed to occur on September 28, 2023 and September 29, 2023, respectively. Neither witness appeared for their depositions on those dates.

5.  On December 6, 2023, Plaintiff filed a Motion to Compel Defendants to Proceed with Third Party Depositions, arguing that Plaintiff should have priority in questioning these "alternate suspects" first during their depositions. Dkt. 66. Defendants responded to that Motion. See Dkt. 71.

6.  On January 22, 2024, the Court ruled that Plaintiff would question DeJesus and Gonzalez first at their depositions. Dkt. 80. As such, with the assumption that Plaintiff would actively pursue their testimony, Defendants ceased attempts to locate and serve DeJesus and Gonzalez.

7. On March 6, 2024, Plaintiff issued subpoenas to DeJesus and Gonzalez for their depositions to occur on May 17, 2024 and May 21, 2024, respectively. Ex. E, Plaintiff's Second Subpoena to DeJesus and Ex. F, Plaintiff's Second Subpoena to Gonzalez. Plaintiff never provided a proof of service for those subpoenas. Neither witness appeared for their depositions on those dates.

8. Defendants followed up with Plaintiff on numerous occasions as to the status of Plaintiff's service and contact with DeJesus and Gonzalez. In the meantime, given no response from Plaintiff regarding those depositions, Defendants undertook efforts to locate and contact DeJesus and Gonzalez.

9. On August 16, 2024, an investigator for Defendants went to 1654 N. Karlov but there was no response to knocks at the door.

10. On August 22, 2024, Defendants advised Plaintiff that they intended to seek priority in questioning DeJesus and Gonzalez first at their depositions if no further attempts were made by Plaintiff to conduct these depositions. Ex. H, 8/22/24 Email Correspondence (highlighting added). Plaintiff raised no objection to that procedure in his response to that correspondence. See *id.*

11. On August 29, 2024 at 8:15 PM, an investigator for Defendants went to 1654 N. Karlov and spoke with a Hispanic female who refused to provide her name, but identified herself as the mother of DeJesus and Gonzalez. The mother stated that DeJesus and Gonzalez "come around" and refused to provide additional information for the brothers. The investigator left the mother with both his and defense counsel's contact information, to which the mother replied she would give the information to DeJesus and Gonzalez. No phone call from either witness was ever received by Defendants or their investigator.

12. On November 15, 2024, Plaintiff stated he had been "unable to make contact with these witnesses". Ex. G, 11/15/24 Email Correspondence. Thereafter, given Plaintiff's obvious

3

abandonment of these depositions, Defendants undertook efforts to personally serve DeJesus and Gonzalez.

13. In January 2025, a new possible address surfaced for Nicholas Gonzalez, and service of a subpoena was attempted at that address, but the address proved incorrect, leaving Defendants with only the 1654 N. Karlov address to pursue.

14. On February 20, 2025 at 7:32 PM, an investigator for Defendants went to 1654 N. Karlov and attempted service on DeJesus. Sounds were heard from within the home, but no one responded when investigators knocked at the door.

15. On March 2, 2025 at 4:23 PM, an investigator for Defendants went to 1654 N. Karlov and attempted service on DeJesus and Gonzalez. No sounds were heard from within the home and no one answered when investigators knocked at the door.

16. On March 6, 2025 at 6:15 PM, an investigator for Defendants went to 1654 N. Karlov and attempted service on DeJesus and Gonzalez. The investigator observed lights on within the home, but no one answered when investigators knocked at the door.

17. Personal service is not required by Rule 45(b)(1). In construing the Federal Rules of Civil Procedure, the court is required to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. A subpoena may be served by any person who is not a party and is not less than 18 years of age. Fed. R. Civ. P. 45 (b)(1). Service of a subpoena upon a person named therein shall be made by *"delivering a copy to the named person..." Id.* (Emphasis added). Nothing in this language suggests that in-hand, personal service is required to effectuate delivery, or that service by certified mail is *verboten*. Where a mail carrier is a non-party more than 18 years old, certified mail may well assure the delivery foreseen by Rule 45. *See Ott v. City of Milwaukee*, 274 F.R.D. 238, 241 (E.D. Wis. 2011). Rule 45's language does not require "in-hand service", but only service in a manner that "reasonably insures actual receipt of the subpoena by the witness." *Abbott v. Kidder,*

4

*Peabody & Co.*, No. 97 C 3251, 1997 WL 337228, at *3 (N.D. Ill. 1997) (citing *Doe v. Hersemann,* 155 F.R.D. 630, 631 (N.D. Ind. 1994)); *cf. Hartford Fire Ins. Co. v. Perinovic*, 152 F.R.D. 128, 130 (N.D. Ill. 1993) (upholding service of process on doorman of residence of defendant who was evading service). Ultimately, it is well settled that a subpoena may be served by certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012).

18. Based on the foregoing, it is apparent that despite reasonable efforts by the moving Defendants, they have been unable to talk to and serve DeJesus and Gonzalez with deposition subpoenas. To avoid this Court's intervention, Defendants' investigator went to the witnesses' house on multiple different occasions, on different days of the week, and at different times of the day. Upon information and belief, DeJesus and Gonzalez live at the address where attempts to serve them have been made based on their mothers' representations. Given these circumstances, Defendants believe DeJesus and Gonzalez are attempting to avoid service.

19. DeJesus and Gonzalez are important witnesses in this case. As noted above, these are the purported "real killers" of Ramos and responsible for the shooting of Diaz. This alone provides motivation by the witnesses to evade service of a subpoena where they would be confronted with such information. Moreover, these two witnesses are the only individuals who can respond to Plaintiff's allegations that they committed the murder of Ramos and the shooting of Diaz. Defendants are entitled to explore whether these witnesses refute Plaintiff's theory and would be prejudiced without the opportunity to do so. Not to mention, DeJesus and Gonzalez have also been disclosed by Plaintiff as potentially having knowledge of Defendants' alleged unconstitutional conduct. Finally, DeJesus and Gonzalez cannot continue to dodge Defendants' efforts to serve them for their depositions as they are "not exempt from the basic obligation of all citizens to provide evidence of which they are capable upon appropriate request." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996).

20. Furthermore, Plaintiff has obviously abandoned the depositions of DeJesus and Gonzalez. It appears that Plaintiff has not taken any efforts to contact or serve either witness since he issued subpoenas for unconfirmed dates in August 2023 and March 2024 – over a year and a half and nearly a year ago, respectively.[1] Despite arguments in the prior briefing on this matter (Dkts. 66, 71), Plaintiff has taken no steps beyond issuing subpoenas with cold dates to actually obtain the testimony of either DeJesus or Gonzalez. Plaintiff had a myriad of options at his disposal to obtain this testimony – a motion to serve by certified mail, a motion to compel, and if necessary, a rule to show cause. Plaintiff pursued none of these options. Instead, Plaintiff abandoned these depositions. Now, at the eleventh hour, only after learning that Defendants intended on filing the instant Motion, does Plaintiff suddenly desire to maintain their priority in questioning these witnesses. Defendants have been diligent in their efforts to locate, contact, and serve DeJesus and Gonzalez with subpoenas for testimony, including bringing the matter to the Court in this Motion to seek intervention. Plaintiff should not be rewarded with priority of questioning these witnesses based on Defendants' sole efforts and pursuance of this testimony.

21. As a result, the Defendants respectfully request that this Court enter an order allowing Defendants to serve DeJesus and Gonzalez with a deposition subpoena by certified mail, directing them to appear for their subpoenaed deposition at Borkan & Scahill, Ltd., 20 S. Clark Street, Suite 1700, Chicago, Illinois at a mutually agreeable date and time. Additionally, Defendants request that they be granted priority in questioning DeJesus and Gonzalez first at their depositions.

22. A copy of this motion will be sent via courier overnight mail to DeJesus and Gonzalez' last known address.

---

[1] During the parties' meet and conferral on March 26, 2025, Defense counsel inquired whether Plaintiff had taken any additional steps to confirm the depositions of DeJesus and Gonzalez, but Plaintiff's counsel stated that information was "work product" and refused to converse on that subject.

23. On March 26, 2025, the parties held a 37.2 conference regarding this Motion, and Plaintiff indicated he did not oppose DeJesus and Gonzalez being served by mail. However, Plaintiff does oppose Defendants' request for priority of questioning DeJesus and Gonzalez and requests 14 days to respond to this Motion.

WHEREFORE, Defendants respectfully request that this Honorable Court

(a) grant their Motion for entry of an order allowing Defendants to serve non-party witnesses Reinaldo DeJesus and Nicholas Gonzalez via certified mail for their depositions at the offices of Borkan & Scahill, Ltd., 20 S. Clark Street, Suite 1700, Chicago, Illinois at a mutually agreeable date and time;

(b) grant Defendants priority in questioning these witnesses first at their depositions; and

(c) for any such other relief as the Court deems appropriate.

Date: March 27, 2025

Respectfully submitted,

By: /s/ *Molly E. Boekeloo*
Special Assistant Corporation Counsel
Timothy P. Scahill
Steven B. Borkan
Whitney Hutchinson
Molly Boekeloo
Borkan & Scahill, Ltd.
20 S. Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030
*Attorneys for Reynaldo Guevara*

By: /s/ *Kelly Krauchun*
Special Assistant Corporation Counsel
Eileen E. Rosen
Kelly Krauchun
Catherine M. Barber
Theresa Berousek Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC

7

333 W. Wacker 19th Floor
Chicago, Illinois 60606
(312) 494-1000
*Attorneys for Defendant City of Chicago*

By: */s/ Elizabeth R. Fleming*
Special Assistant Corporation Counsel
James G. Sotos
Josh M. Engquist
Elizabeth R. Fleming
Mark F. Smolens
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
*Attorneys for Individual City Defendants*