**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| GAMALIER RIVERA, | ) | Case No. 23 C 01743 |
|  | ) |  |
| *Plaintiff*, | ) | Hon. Judge Edmond E. Chang |
|  | ) | District Judge |
| *v.* | ) |  |
|  | ) | Hon. Judge Heather McShain |
| REYNALDO GUEVARA, *et al.*, | ) | Magistrate Judge |
|  | ) |  |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
|  | ) |  |

**JOINT STATUS REPORT**

The parties, by their respective undersigned counsel, and pursuant to the Court's March 11, 2025, Order (Dkt. 155), respectfully submit the following joint status report ("JSR"):

I.    **Discovery**

Fact discovery is set to close on April 1, 2025. Dkt. 147.

A.    Depositions

Since the March 7, 2025 JSR, Dkt. 139, the Parties have taken the deposition of Lechia Limardo. Plaintiff is working to pursue personal service for Officer Oliveras.

Both Parties intend to depose Ellen Mandeltort, Linda Peters, Lisa Matek, Reinaldo DeJesus and Nicholas Gonzalez. The Parties have conferred as to the questioning priority for the depositions of former ASAs, Nicholas Gonzalez, and Reinaldo DeJesus, which are heavily disputed.

The previous deposition scheduling history of third party former ASAs is found in Dkts. 101, 107, 118. Defendants served Ellen Mandeltort and Lisa Mateck in March 2024 but did not provide Proof of Service to Plaintiff of Ms. Mandeltort's service until March 15, 2025.

1

The Parties had rescheduled the deposition for Ellen Mandeltort on March 20, 2025. Three days before the deposition, on March 17, 2025, Ms. Mandeltort's counsel informed Defendants that she was now unavailable on March 20, 2025. Defendants immediately advised Plaintiff of this and the parties are working to secure a new, confirmed date for Judge Mandeltort's deposition.

The Parties dispute questioning priority for the former ASAs. The Parties have conferred and are at impasse. Plaintiff will be filing a motion and Defendants have requested 14 days to respond in writing.

The previous deposition history of Gonzalez and DeJesus is found in Dkts. 66, 71, 80. Defendants filed a Partially Opposed Motion to Serve DeJesus and Gonzalez on March 27, 2025 seeking priority in questioning those witnesses. Plaintiff's partial opposition is in light of Dkt. 80, where the Court previously granted Plaintiff questioning priority for these witnesses after motion practice on the issue. Plaintiff requested 14 days to respond in writing.

Additional desired depositions: Plaintiff seeks to depose Officer Ruben Oliveras, and Defendants seek to depose Josh Tepfer and Miguel Gonzalez.

B. Ongoing Discovery Issues

**Written Discovery:** As noted in the March 7, 2025 JSR, Dkt. 154, Plaintiff continues to confer with Defendant City of Chicago about the City's document production and responses to discovery. Defendant City of Chicago has committed to:

- The City, pursuant to Rule 37 discussions with Plaintiff, agreed to produce criminal history reports and IR jackets for an additional fifteen (15) witnesses. The City requested these records and will produce upon receipt, and agreed to confer regarding the production of arrest reports for these witnesses once the City produced the criminal history reports and IR jackets. Similarly, the City, pursuant to Rule 37 discussions, agreed to produce arrest reports for witnesses whose criminal histories and IR jackets were previously produced. The City is awaiting some clarifications from Plaintiff regarding specific arrest reports. Upon receipt of that clarification, the City will request and produce the agreed upon arrest reports.

- Production of any additional chain of custody forms regarding photographic evidence in the litigation that are responsive to Plaintiff's requests for production, to the extent these exist. Plaintiff awaits this production or confirmation that the chain of custody forms do not exist.
- Production of attendance documents for Defendant Riccio. Defendants state that they do not have this document, and Plaintiff awaits confirmation of its non-existence and/or its production.
- Conduct reasonable investigation into Records Division, Detective Division Areas, Gang Crimes, Special Operations Section, ERPS, Crime Lab, and Identification Section to confirm that the City has produced all responsive documents from each, and certify after reasonable investigation that all responsive documents from these Areas responsive to Plaintiff's Requests for Production have been produced, and that no further documents exist.

On March 25, the City of Chicago confirmed it would provide supplemental responses to contention and Monell discovery requests (RFPs Nos. 32, 33, 34, Rogs Nos. 5, 6, 10, 14) before the current close of fact discovery, April 1, 2025, and will waive any objection to subsequent Rule 37 discussions and motion practice if that becomes necessary. The City also stated it would respond to Plaintiff with its position on the scope of Interrogatory No. 10. Plaintiff agreed that so long as he receives the outstanding production that has been requested and the City's discovery responses by the close of fact discovery, and considering the City's waiver of any objection to continued conferral after that date, Plaintiff would not move to compel these responses now.

**ESI:** In the last JSR, Dkt. 154, the Parties outlined the issues related to ESI. On March 7th, the parties conferred on this issue. On March 18, 2025, Plaintiff's counsel sent an email memorializing the March 7th discussion. Today, Plaintiff's counsel asked the City for update. The City is continuing its investigation into the matters discussed and details in the March 18th correspondence and will respond to Plaintiff's counsel tomorrow, as requested.

**404(b) Discovery:** In the last JSR, Dkt. 154, the Parties outlined the issues related to 404(b) witnesses. On March 14, 2025, Defendants responded to Plaintiffs' proposed stipulation. On March 19, 2025, Plaintiff disclosed an additional 18 404(b) witnesses. Plaintiff's counsel stated on March

26, 2025 that he anticipated returning the stipulation to Defendants on March 27, 2025. As of the time of this filing, Defendants have not received Plaintiff's additional edits to the stipulation. The parties hope to resolve these issues without court intervention.

**Monell Discovery:** Monell discovery is not phased in this case. Plaintiff has produced thousands of pages of documents related to Monell discovery and has served outstanding discovery requests on the City of Chicago. The parties have conferred about the use of 30(b)(6) from other cases as Monell discovery in this case, and have reached agreement. The parties have also been in discussion in this and other Guevara related cases about new, consolidated Rule 30(b)(6) testimony needed on topics relating to Monell. The City is near completion of its investigation into the agreed upon topics from Plaintiff's 30(b)(6) notice in this and other Guevara related cases. The City is awaiting confirmation from Plaintiff's counsel that there will be one designated attorney, irrespective of the fact that the testimony will apply to multiple cases, to ask questions at the deposition to ensure that the deposition proceeds efficiently.

**Extension to Fact Discovery Deadline**: Given the outstanding depositions and written discovery matters, Plaintiff agrees that a limited discovery extension is warranted, up to and including 30 days. Defendant agrees that a discovery extension is necessary, but proposes an extension through July 1, 2025.

The Parties will file a formal motion for extension.

## II.   Settlement

As stated in numerous prior joint status reports, if Defendants indicate a willingness to discuss settlement, Plaintiff will send an updated demand that reflect the passage of time, and the expenditure of time and money. Plaintiff has not received indication from Defendants that they are wiling to discuss settlement at this time.

Dated: March 27, 2025

Respectfully Submitted,

/s/ Meg Gould
*Counsel for Plaintiff*

Jon Loevy
Steve Art
Anand Swaminathan
Locke Bowman
Alison Leff
Sean Starr
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com

/s/  Kelly A. Krauchun
*Counsel for the City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren Ferrise
Kelly A. Krauchun
Andrew J. Grill
Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 494-1000
erosen@rfclaw.com

/s/ Molly E. Boekeloo
*Attorney for Defendant Guevara*
Timothy P. Scahill (Lead Attorney)
Steven B. Borkan
Emily E. Schnidt
Molly E. Boekeloo
Whitney N. Hutchinson
Graham P. Miller
Special Assistant Corporation Counsel
Borkan & Scahill
20 S Clark St # 1700
Chicago, IL 60603
(312) 580-1030

/s/  Elizabeth Fleming
*Attorney for Defendants Halvorsen, Ricco & Biebel*
James G. Sotos
Josh M. Engquist
Lisa Meador
Mark Smolens
Elizabeth Fleming
Thomas Sotos
Special Assistant Corporation Counsel
The Sotos Law Firm, P.C.
141 W. Jackson Blvd. #1240A
Chicago, IL 60604
(630)735-3303