**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GAMALIER RIVERA, | ) | |
| | ) | Case No. 23 CV 1743 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Edmond E. Chang |
| v. | ) | Hon. Magistrate Judge Heather McShain |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

The Parties, by their respective undersigned counsel, submit the following joint status report pursuant to the Court's Order of July 2, 2026 (Dkt. 264):

1. Pursuant to the Court's order, Plaintiff and Defendants have conferred about summary judgment in this case.

2. All parties remain in the case at this time including Plaintiff Rivera and Defendants Guevara, Halvorsen, Riccio, Biebel, and the City of Chicago.

3. The following claims remain against the following Defendants:

   a. 42 U.S.C. § 1983 – Due Process (Fourteenth Amendment) against Defendants Guevara, Halvorsen, Riccio, and Biebel on theories of fabrication and suppression.

   b. 42 U.S.C. § 1983 – Malicious Prosecution and Unlawful Detention (Fourth and Fourteenth Amendments) against Defendants Guevara, Halvorsen, Riccio, and Biebel.

   c. 42 U.S.C. § 1983 – (Failure to Intervene) against Defendants Guevara, Halvorsen, Riccio, and Biebel.

d. 42 U.S.C. § 1983 – Conspiracy to Violate Constitutional Rights against Defendants Guevara, Halvorsen, Riccio, and Biebel.

e. 42 U.S.C. § 1983 – *Monell* claim against the Defendant City of Chicago for official policies that caused violations of the Fourth and Fourteenth Amendments.

f. State Law Claim – Malicious Prosecution against Defendants Guevara, Halvorsen, Riccio, Biebel, and the City of Chicago.

g. State Law Claim – Intentional Infliction of Emotional Distress against Defendants Guevara, Halvorsen, Riccio, Biebel, and the City of Chicago.

h. State Law Claim – Willful and Wanton Conduct against Defendants Guevara, Halvorsen, Riccio, Biebel, and the City of Chicago.

i. State Law Claim – Civil Conspiracy against Defendants Guevara, Halvorsen, Riccio, Biebel, and the City of Chicago.

j. State Law Claim – Respondeat Superior against the Defendant City of Chicago.

k. State Law Claim – Indemnification against the Defendant City of Chicago.

4. Plaintiff intends to move for partial summary judgment on his *Monell* policy and practice theory that the City had an official policy of suppressing evidence. Plaintiff does not plan to move for summary judgment on any other of his claims.

5. Defendants disagree with Plaintiff's statement in paragraph 2 that "[a]ll parties remain in this case at this time including Defendant[]…Biebel." As reflected in docket number 261, Robert Biebel passed away during the pendency of this action on June 17, 2026. (Dkt. 261.) If Plaintiff still intends to pursue these claims, then a special representative must be appointed on

Mr. Biebel's behalf via motion. Until then, Defendant Biebel is no longer a proper party to this action.[1]

6. Due to other professional[2] and personal obligations[3], Defendants propose the following summary judgment briefing schedule:

a. All affirmative summary judgment motions due October 5, 2026[4];

b. Responses due November 5, 2026; and

c. Replies due December 3, 2026[5].

7. Plaintiff proposes the following summary judgment briefing schedule:

a. Summary judgment motions due August 17, 2026;

b. Summary judgment responses/cross-motions due September 18, 2026;

c. Summary judgment reply/response briefs due October 19, 2026.

[1] Plaintiff intends to file a motion for substitution. In another Guevara case, *Robinson v. Guevara*, 24-cv-5954, being litigated between the respective firms, Judge Valderrama entered an order that defendants' suggestion of death filing lacked "any indication of service upon decedent's successors or a personal representative. The Court, therefore, directs Defendants' counsel to effectuate service of the suggestion of death on decedent's successors or a personal representative and has until 7/21/2026 to file a notice indicating such service." Dkt. 176. Given that Defendant Biebel was a defendant across multiple cases, Plaintiff intends to file a motion for substitution once Defendants file a proper notice. Should this Court want Plaintiff to file before such time, Plaintiff shall do so. Defendants disagree with Plaintiff's position in reading of the case law.

[2] Summary judgment briefing was recently ordered in the consolidated matters of *Martinez/Tinajero/Kelly v. Guevara*, 23-cv-01741, 24-cv-01598, and 24-cv-05354. Counsel in *Martinez/Tinajero/Kelly* and the instant matter are substantially similar (with the addition of one law firm on behalf of Plaintiff Tinajero), and the briefing schedule is as follows: Defendants' Motions for Summary Judgment due 8/14/26, Responses due 9/25/26, and Replies due 10/16/26. *See Martinez v. Guevara* at Dkt. 314. Plaintiff's proposed schedule in this matter would require Defendants to brief summary judgment motions across four plaintiffs and tens of counts on behalf of nine different defendants on essentially the same schedules.

[3] Molly E. Boekeloo, one of the primary attorneys for Defendant Guevara, will be out of office on maternity leave during the pendency of these filings. Other counsel on behalf of Defendant Guevara will be involved in drafting the Motion for Summary Judgment on his behalf.

[4] To the extent that Plaintiff's proposed schedule classifies their affirmative motion for summary judgment against Defendant City as a "cross-motion", Defendants object and assert that all affirmative motions should be filed at the same time.

[5] Defendants propose 4 weeks for Replies to account for the Thanksgiving holiday.

d. Summary judgment reply briefs due November 2, 2026.

8. The Officer Defendants propose filing one Statement of Undisputed Facts with a total of 120 fact paragraph in support of their motions for summary judgment. The City proposes filing its own Statement of Undisputed Facts, with a total of 190 fact paragraphs for its motion for summary judgment[6]. Defendants reserve the right to seek additional fact paragraphs as necessary.

9. Defendants propose that Plaintiff receive 60 Statements of Additional Facts in response to the Officers and 95 in response to the City, which aligns with the local rules. In no other Guevara case, has the plaintiff been allowed the same number of paragraphs as the defendants in their opening briefs, and there is no reason to deviate here. Plaintiff disagrees with this position.

10. Plaintiff's position is that, to the extent the Court grants the Defendants the number of fact paragraphs they seek, Plaintiff should be granted the same number of paragraphs of additional fact in response to each. As has been the case each time Defendants have filed for summary judgment in the Guevara cases, Defendants' fact paragraphs omit numerous facts critically relevant to the numerous grounds on which Defendants seek summary judgment.

11. Defendants propose briefs of 30 pages per Defendant group (Guevara, Defendant Officers, and the City), 30 pages per response, and 15 pages per reply. Plaintiff does not oppose Defendants' page limit request, but consistent with the Court's direction that "[t]here is significant disadvantage in multiplying out the number of briefs (in which background and argument is often

[6] The number of fact paragraphs proposed for the City's L.R. 56.1 SOF aligns with the number of paragraphs recently filed in the matter of *Hernandez v. Guevara, et. al.,* Case No. 23-CV-01737, pending in front of Judge Daniel, which involves the same *Monell* theories Plaintiff is alleging in this case.

repeated) and filings," Dkt. 264, Plaintiff seeks to file a consolidated brief of an equal number of total pages as all Defendants combined (*i.e.*, 90 pages).

a. Defendants object to Plaintiff's request for a consolidated response because, based on past experience, Plaintiff will not evenly split their pages among Defendant groups but will devote more pages to certain groups than others. *See, e.g., Juan and Rosendo Hernandez v. Guevara, et al.*, No. 23-cv-01737 (N.D. Ill.) (Dkt. 343, 344.) To the extent this Court permits Plaintiff to file one consolidated response, Defendants reserve the right to seek additional pages upon review of the response such that they can assess the number of pages each Defendant group requires to address the consolidated arguments.

Respectfully Submitted,

/s/ Sean Starr
*Counsel for Plaintiffs Martinez and Kelly*
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
LOEVY + LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
sean@loevy.com

/s/ Theresa Berousek Carney
*Special Assistant Corporation Counsel for Defendant City of Chicago*
Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com

/s/ Elizabeth R. Fleming
Special Assistant Corporation Counsel
*One of the Attorneys for Individual Defendants*
James G. Sotos
Josh M. Engquist
Elizabeth R. Fleming
Mark F. Smolens

Special Assistant Corporation Counsel

/s/ Tim Scahill
*One of the Attorneys for Defendant Reynaldo Guevara*
Steven Blair Borkan
Timothy P Scahill
Whitney N. Hutchinson
Molly Boekeloo
Amanda C. Guertler
Borkan & Scahill, Ltd.
20 South Clark Street

**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
efleming@jsotoslaw.com

Suite 1700
Chicago, IL 60603
(312) 580-1030
tscahill@borkanscahill.com